May it please the Court, Kayla Gassman for the appellant Gabino Medina Osorio. The issue in this case is whether the pre-1994 version of Texas aggravated assault is an aggravated felony. Before you get to that, can you help, was that issue actually raised? Because it appeared to me that you got the range you wanted, that the government was actually arguing for the 16 level, and you all maintain that the 8 was appropriate, and you got the 8. So can you help? I can clarify that. Because this is an odd situation where it looks like you got the range you wanted, and then the court tacked on an upward variance. So we did not get the range that we wanted. The range that we wanted was the plus 4 range. Our position was it was not a crime of violence for purposes of a plus 16 enhancement, and it also was not an aggravated felony for purposes of a plus 8 enhancement, or for the application of 1326B2. So the aggravated felony issue comes up in two places, under the enhancement and under the statutory maximum. So when did you object to the 8? What happened was the initial PSR said plus 16 applies, we objected to that. And they changed it, they changed the PSR to 8. They did change it, and the initial PSR actually also said 1326B2 applies because of the aggravated felony, and we objected to that in writing. And then when the PSR was changed, we continued to object to the plus 8 at the sentencing hearing. So the aggravated felony determination is the same under the plus 8 enhancement and the application of 1326B2. It depends on whether the... Where do you say that you're objecting to the 8, which gets you in the 24 to 30 months, which I think is what you wanted. So our written objection to the PSR... No, I'm asking at the hearing. Oh, at the hearing. Well, we certainly say that the plus 4 should apply. It seems to me that the district court could think that... Because it gets very confusing, and the district court brings in the probation officer to opine. The sentence that y'all... The range is what you think is the right range. That's why it seems to me that the 8 plus 8 with the 24 to whatever... 24 to 30? Yes, is the right range. And I don't hear you say, no, that's still wrong. We were very clear, and I'm sorry, I'm trying to look through the record, and if I need to, I can look through it and give it... Maybe on rebuttal or something. Yes, it is very clear to me from reading this record that we maintained our objection that this was not an aggravated felony for purposes of the plus 8 enhancement, and that the correct range was the plus 4 range. Because mostly, though, it seems like the government is the one objecting and arguing. The government did maintain its position that the plus 16 range should apply. Right, and that seems to be really occupying... Right, and it is very confusing because there are two distinct crime of violence definitions. It means something different under the plus 16 than the aggravated felony, but we maintained that it was not a crime of violence under 18 U.S.C. section 16, which is the same issue under the plus 8 enhancement and under the statutory maximum of 1326b2. And our argument, which was the same argument made in the district court, is that this offense does not qualify under section 16 as a distinct section 16 crime of violence. And I believe that the divisibility and the statute of conviction is not really disputed on appeal, and that what all of that means is that the least culpable conduct the court can assume Mr. Medina was convicted of is a reckless causation of bodily injury. It's mathis. It's indivisible. Right. It is partially divisible, but we agree... But not... Right. The aggravating factors are indivisible. And the least culpable aggravating factor is based on the status of the victim, who could be either a public servant or a participant in a court proceeding. And so our position is, and I think this court's case law is clear, that this offense doesn't qualify under the first prong of section 16, which is the use of force prong in both Fioro, Reyna, and Cortez-Rocha. This court held this specific offense of prior to 1994, Texas aggravated assault does not have the use of force as an element. Villegas-Hernandez has also held that a Texas simple assault premised on the causation of bodily injury does not have the use of force as an element. Recently Enrico Mejia, this court has rejected the government's arguments that the Supreme Court opinion in Castleman changed any of that. That's why 16A doesn't work. Right. Their alternative argument on 16A. That's what you're arguing now. Yes. So the 16A, it clearly does not qualify under the controlling precedent of this court. Which leaves the remaining question of whether the offense qualifies under 16B. Our first position is that 16B is vague. You understand that is currently foreclosed here, but it is in front of the Supreme Court in a case called Garcia de Maya that was argued at the beginning of October. And while that case is outstanding and that opinion is forthcoming and may change circuit precedent, I do want to address the government's argument about Beckles because the government has argued that even if the Supreme Court determines that 16B is vague, that Mr. Medina's challenge would be foreclosed by Beckles, which held that a vagueness challenge could not be brought to the guidelines. But Beckles would not foreclose our challenge here because we aren't challenging the vagueness of the guideline. We're challenging the vagueness of the statute. Specifically we are challenging, one place we're challenging the aggravated felony determination is in the application of the statutory maximum under 1326B2. So then the question with regard to the guideline is not whether Mr. Medina would have a freestanding vagueness challenge to the guideline, it's how the invalid vague statute would then be incorporated into the guideline. But that's still part of the guideline, isn't it? Well, the language that we assert is vague appears nowhere in the guideline. It appears only in the statute. But it's incorporated into the guideline. It's incorporated by reference, but when it's incorporated in this way through this structure where the guideline simply says, you know, you get a plus eight if you have an aggravated felony, and aggravated felony has the same definition as in the statute and doesn't include any other language, it just incorporates the statute by citation, it also must incorporate any statutory interpretation holdings or constitutional holdings. What case says that this would be that way? Well, I've pointed the court towards Ashcroft versus Free Speech Coalition in which the unconstitutionally broad under the First Amendment, and then subsequent there are several cases from the circuits that very easily hold that the guidelines that incorporate that statute simply continue to incorporate the remaining valid portions of the statute and just don't incorporate the part that was held. So we need to address this just either way. Well, you would need to address this. Because we can say if Gonzales-Longoria is still the law, and that's what it's called, isn't it? Your case is Gonzales-Longoria. Yes. If it's still the law after the other, then you don't have to, but if you couldn't want to be, make sure that you take care of the situation either way so that there's a definitive ruling regardless of what the Supreme Court holds, then we need to address the Beckles issue. Right. I want to get the Beckles argument out to this court because this is the chance I have, and if the Supreme Court holds that 16b is vague, then the government has raised this issue, and so the government has certainly asked the court to address it. So what would your position be if the language was actually in the guidelines as opposed to through a citation? Aren't we back to Beckles? I think we would be back to Beckles. So isn't this the equivalent? Why isn't the government right that if you say we adopt, we won't print it here, we believe in economy, so we're not going to put all these words down here, but you can find the words over here in this book that nobody looks at. You can find it over here in this statute, but it's the same words. So it seems to me if the sentencing commission decided to reference it as opposed to quoting it, you still have a Beckles problem. Well, the reason why I think it's different here is because the vagueness of the statute is before the court as a challenge to the statutory maximum. We've also raised the application of 1326B2. There's no question that vagueness challenge can be brought to a statute that sets a statutory maximum. So if it's invalid in that context, I do think it's a different question than the Beckles question of how that statute that is invalid would then be, could it be incorporated into the guidelines? And I think based on the structure of the guidelines, Judge Sopwith, I do think it's different when the commission incorporates the statute by reference as opposed to inserting language, because if it incorporates it by reference, it necessarily also incorporates statutory interpretations or constitutional holdings that affect the language of the statute. Whereas if it's- But Beckles says a constitutional holding as to a statute would not be relevant as to language in a guideline. I don't think that is what Beckles says. I think what Beckles says is when the language is in the guideline, you're challenging the vagueness of that language in the guideline, then you can't bring that challenge. But Beckles did not involve the situation that we have here where the statute was incorporated only by reference. And we do have an independent vagueness challenge to the statute via our challenge to 1326B2. That's why I think it's different than Beckles. You can move on. Do you want to talk about 16B straight up now? I do. Just briefly, we have also argued that even if it's not vague, this offense would not qualify under the merits of 16B, because there are just too many ways, looking at the elements of this offense, for it to be committed without the use of the violent and destructive force that is necessary. That's what I- You've got some cases, and you say these are times where it actually didn't involve force, but the issue is substantial risk of force. So I'm not sure your cases rebut that this could maybe involve a substantial risk of physical force. Do you see what I'm saying? The fact that you have cases where it didn't doesn't tell that it's to the contrary of what the status of the language is. I understand your question. But I think what is important to remember is that the government has the burden of proof to establish the applicability of the enhancement, and that this qualifies under 16B. And I think where we have enough cases like this, and enough ways that this offense can be committed without violent and destructive force, then the government has not met its burden to show that categorically, by its nature, this offense involves a substantial risk of the use of physical force. And the important thing, I think, to remember is that the government does bear the burden of proof. And so the government would need to establish why these cases don't undermine its ability to show that the ordinary case categorically has a substantial risk. And then I do want to address harmlessness as well. The district court did vary upwards and say that it would give the same sentence regardless of any error. But on this record, I think that's not sufficient to establish harmlessness for three reasons. One, in imposing the upward variance, the court started from the incorrect higher range. Second, the court did not adequately consider the correct range, in that she did not acknowledge what the lower range would be, and then justify what would have been a 50-month upward variance from that lower range. And third, on this record, the record is not clear enough to establish that the court's independent of the incorrect guideline, and that it does not definitively establish that she wouldn't give a lower variance if the correct lower range was used. What happened was the court said the plus 8 range was the correct range, and then varied upwards to a sentence that is within the plus 16 range. But she did not adequately explain her selection of that sentence in a way that should convince this court that it's independent of the incorrect range. For example, if our position was accepted that the plus 4 range was the correct range, I don't think the record is clear that she wouldn't vary upwards to, say, the plus 8 range. So, and I use that as an example to show that the court- She's not saying that it's, I'm going up to 16. Right. She's just saying this is the right amount of time. Well, but she's not explaining her selection of that sentence sufficiently to completely divorce it from the incorrect range. Well, it seems that this hearing is pretty robust, that she knows there's a 4 and an 8 and a 16, but especially an 8 and a 16. But she is aware, if you're correct, that you continued your objection that she knows there's a 4. Right. She did acknowledge that we were arguing that- And she's going for a number. I don't think that it's clear enough in what she says that the record is clear enough that the selection of the sentence was completely independent of the incorrect range. And I think that's what is necessary for the government to establish. And it's important to remember, it's not enough to show that the court would think the plus 4 range was too low. I do think that is clear, but that's exactly Ibarra-Luna, where the district court had varied upwards from the incorrect higher range. And this court said it was convinced that the district court would, again, vary upwards from the lower range, but it was not convinced that the court would give precisely the same sentence. This is a murky area. It can be a murky area, but I think each case is dependent on the record that comes to this court, and the government has to convince this court that the district court would give the same sentence on remand in order to meet its burden to establish harmlessness. And here, I think the record is just not clear enough for the government to do that. Thank you. I reserve some time for rebuttal. Thank you. Good morning, and may it please the court. Andrew Gould for the United States. Texas aggravated assault qualifies as a crime of violence under both 18 U.S.C. Section 16A and B, and for that reason, the district court properly applied the eight level enhancement under sentencing guidelines section 2L1.2, and it properly entered judgment under 8 U.S.C. 1326B.2. Even if this court were to disagree, however, resentencing would be unwarranted because, as discussed, the district court's statement at sentencing rendered any error harmless. Judge Elrod, you had some questions at the beginning that sounded like whether this issue was clearly before the district court. In fairness to the defendant, I think it was. You think the four was preserved all the way through? I think it was, Your Honor. It seems like they said at the end variance. We object to the variance. It doesn't say we object to the plus four. Afterwards, after Judge Harmon imposed the sentence, they objected to the variance. But beforehand, so in writing, and this is at ROA 86 through 90, and then at 94 and 96, that's when in writing the defendant explains why this wouldn't qualify as a crime of violence. There's not a mention there about that the applicable range would be plus four, but then that gets clarified at sentencing at the very beginning of the sentencing hearing. At ROA 63 and 64, Judge Harmon goes, and this becomes important for the harmlessness argument later, she says, addressing defense counsel, the issue is whether it's a plus 16, a plus eight, or a plus four. Correct? And defense counsel said that's correct. And that's because people are coming from all different sides. The government was arguing that it was a 16-level enhancement. Probation thought it was just an eight-level enhancement. That ended up being applied. And the defendant thought it was a plus four enhancement. I think the issue is before the court. And also, because of the fact that the defendant has challenged the characterization in the judgment that this is a B2 felony, the harmlessness only goes to the sentencing guidelines enhancement. This court would still have to decide whether or not this assault conviction qualifies as a crime of violence under 16-A and 16-B. Would we have to do 16-A if we determined it's 16-B? Yes, for purposes of the characterization of B1 versus B2. Let me take a step back. Currently, 18 U.S.C. 16-B is not unconstitutionally vague in this circuit per Gonzalez-Sangoria. The defendant is right. This issue is right before the Supreme Court. In DiMaia, presumably, we're going to get a ruling one way or the other whether 18 U.S.C. 16-B is unconstitutionally vague. If the Supreme Court rules in DiMaia that 18 U.S.C. 16-B is not unconstitutionally vague, no problem. Don't have to reach the 16-A issue. You can decide it on 16-B grounds. Assume, however, since we're here, that the government loses in DiMaia and 16-B is ruled to be unconstitutionally vague. We think that Beckles would foreclose the guidelines challenge to 201.2, but not so for the statutory characterization under 1326 B-1 and B-2. I agree with you. This is a murky area, but in that case, if 16-B is ruled to be unconstitutionally vague, in that case, the court would need to address whether it satisfies 18 U.S.C. 16-A for purposes of B-1 versus B-2. This is not the greatest record to address the 16-A. It wasn't raised. The government didn't anticipate and raise this before the district court. The government did not raise this before the district court. And so why should we be in some area that's fraught with peril? Courts are, you know, it's in process. When you didn't present this, why should we go out on a limb on this when there's a perfectly fine way that was presented to rule in this case? Let me, I am not at all suggesting that the court go out on a limb. And if 16-B is held to be, is held that it is not unconstitutionally vague, this court should decide this case on those grounds. I'm assuming. But if you didn't raise 16-A, we don't have to take it up. And then if the case gets sent back in a, you know, GVR or something to determine in the other case, then we can discuss of whether you can argue this other ground or not. But why should you get to argue it now? Because this court can affirm for any reason supported by the record. And while it's true that the government did not press the argument in the district court that it qualified under 18 U.S.C. 16-A, this does not mean, for example, that it's. Well, it's a much more difficult argument. I don't know that you really want us to do that. It's a much harder argument for you than the B. No, I think we stand by both of our arguments, Your Honor. You've got an argument that was raised. I'm sorry. You've got an argument that was raised that you could win on, perhaps. Yes. And then you've got one that wasn't raised that is very unclear whether you'd prevail. And so that seems very odd that you would tell us that we have to rule on it. No, I'm not. The way in which it must be ruled upon is if 18 U.S.C. 16-B is ruled to be unconstitutionally vague. So for example, what could happen is this court could issue an opinion tomorrow and say, well, based on Gonzales and Goyer right now, 18 U.S.C. 16-B is not unconstitutionally vague. Therefore, we're going to review it under 16-B. It qualifies as a crime of violence under 16-B affirmed. And then, as you said, the defendant could petition for a writ of certiorari. If the government loses, perhaps there's a GVR and the issue comes back. I'm just assuming that this argument assumes that this court waits for DiMaia. But you're right. The court does not have to. Again, this is only assuming that 16-B is ruled to be unconstitutionally vague. And the 16-A argument, although, yes, it's an area that's in flux, it's not reviewed for plain error. The case that's cited by the defendant in the reply brief, that's a case in which it was a government cross-appeal, in which the government was cross-appealing the sentence. It wanted a higher sentence. And so the government was trying to enlarge its rights. That's why the argument raised below would be reviewed for plain error. That's not this case. We're not trying to enlarge our rights. We're just saying you can affirm for any reason supported by the record. On 16-B, even if DiMaia rules that 16-B is unconstitutionally vague, that does not help the defendant with respect to his guidelines challenge under Beckles. This is a backdoor Beckles challenge. This is a mere cross-reference to the statutory language and saying, well, because it's unconstitutionally vague in the statute, it must be unconstitutionally vague in the guidelines. And Beckles says that the guidelines are not susceptible to vagueness challenges because they don't fix the sentence for the defendant. That's the ruling of the Supreme Court. And so you can't get around it by saying, well, because it just references the statute, it can be challenged. The child pornography cases are simply an opposite. First of all, the child pornography cases aren't about vagueness. I think they're about more of the First Amendment. So there's a difference there. But more to the point, the case is cited by the defendant. There are three cases from other circuits. Nowhere do they seem to be addressing, at least so far as I can tell, the fact that, well, we're only going to construe the constitutional portion of the guidelines. In fact, in 2003, Congress passed the PROTECT Act. And that had the effect of substantially overhauling the child pornography guidelines. And so all of these cases actually came after that. So I don't really think it would be an issue. Now, presumably, maybe the Sentencing Commission, if 18 U.S.C. 16B is ruled to be unconstitutionally vague, they may change the language going forward. But as of right now, you cannot backdoor this challenge just because it references the statute as opposed to copying and pasting the guidelines, such as in 4B1.2, which was at issue in Beckles. 16B concerns the ordinary case. It does not concern whether there are some cases in which there is no risk that force can be used. And in this case, and the parties agree here that the least culpable conduct is assault causing bodily injury to a specified officer. And in the briefing, it's been assumed that this is a police officer. What's the ordinary case? The ordinary case is resisting arrest. And this court has already held in Espinoza that an assault under 2201A1, which does not involve an officer, is purposeful. It's violent. It's aggressive. And it requires a confrontation between two people leading to physical injury. That holding equally applies here. And then add that to Sanchez-Espinal, which is the aggravated criminal contempt case that was held to be a crime of violence under 18 U.S.C. 16B. Well, there, that case makes it even stronger because of the status of what's going on in the background. I mean, here, this is a person who is assaulting a police officer. So are we supposed to just ignore all the cases that they keep citing to us? Your very diligent opposing counsel keeps finding cases where it doesn't fit the mold and still assume that the general pattern is as you say? You shouldn't. No, I'm not suggesting that you ignore the cases. But the inquiry for this court is what is the ordinary case? Not can I find certain cases that reflect a type of fact pattern that would not raise a substantial case. Do they have to find before it becomes not the ordinary case? I don't think it's a numerical do we find a number of cases and that proves it. I think the inquiry instead for this court is what is the ordinary case? And in the ordinary case of this offense, does it raise a substantial risk? The ordinary case is not, for example, in the 28J letter, it's one of the cases is a person kicking the windshield of a police car. Correct. Although, by the way, that seems to qualify as a use of force under Voisin. I mean, the example in Voisin that Justice Kagan gave, granted in a different context, was the husband throws a plate against the wall in an argument with his wife. A shard hits the wife. That's a use of force. Seems similar here. I mean, here it's if a person kicks a windshield, breaks the windshield, the glass hits the officer, seems to me that's a use of force. And that segues into the 16A argument, which I know this court doesn't want to reach. And again, I'm just preserving this in case it has to. Can you make it at the before? Can you finish the 16B and then harmless and then do 16A? Yes, Your Honor. So this is not just assault under 2201A1. This is assault against a peace officer and interfering with an officer's authority by assault risks serious violent confrontation. In the reply brief, and this is at page 14, the defendant argues that, well, this is conduct that occurs after the commission of the offense. And the government simply disagrees with that. These are not two separate offenses. There is not the assault and then there's not an assault against an officer. It is assault causing bodily injury against a peace officer. This is part and parcel of the offense itself. You agree you bear the burden on this? Yes. Yes, we bear the burden to prove a guidelines enhancement and, for that matter, B1 versus B2. So yes, we do bear the burden of establishing this. OK, harmless? On harmlessness grounds, Your Honor, this is a unique case in which the court didn't start from an incorrect range. It started with, in this case, it understood. It said at ROA-64, well, the issue is whether this is a plus 16, a plus 8, or a plus 4. And so in that respect, the court is aware of all the various ranges. We can presume that to be the case that the court knows. And then the government argues, says, oh, court, if you grant the objection, you should upwardly vary and sentence him within a range as if it were a 16-level enhancement at 65. And the district court agreed in imposing the 71-month sentence. That shows that the district court had that range and that particular sentence in mind. And then, of course, above all that, you also have the district court's own statements. This is a sentence I would impose regardless of what the guidelines calculations would have been at ROA-78. The government frequently points to that standing alone as sufficient evidence. But here again, we've got everything that precedes that, which is the court is aware of all of the possible ranges that can apply in all of the various arguments. How do we distinguish Ibarra-Luna and what's the best case to use in doing so? You can distinguish Ibarra-Luna, well, first off, I think in Ibarra-Luna, the court in that case didn't consider the different ranges. Here, I think by virtue of the court saying that the issue is whether it's a plus 16, a plus 8, or a plus 4, the court did implicitly consider all of the ranges. There's never been a requirement so far as I'm aware in this court's case law where this court has required a district court to state when imposing an alternative upward variance, okay, and if I were to have granted the defendant's objection, it would be a plus 4 in the range, and that case would be 15 to 21 months, and I find that that's too low. We do have a case that says you have to get to the correct range and acknowledge it at some point. We have a case post-Ibarra-Luna that says that as well. So what is the best case that you would say that is already, we have a bunch of cases that have distinguished Ibarra-Luna already. What's the best one of those that you think is most comparable? I think Shepard, United States v. Shepard, which is recent, which talks about, you know, taking the district court at its word. There's a, I just think that Ibarra-Luna, you know, Ibarra-Luna again focuses on the district courts whether it's considered all the different ranges, and I get back to the fact, I know I'm repeating myself, but the district court here did consider all the different ranges. If I may turn briefly to the issue of 18 U.S.C. 16a, under Vargas-Duran and Villegas-Hernandez, this offense would not qualify as having as an element the use of force because of those cases' distinctions between the causation of bodily injury and the use of force. The government's argument is that that has been abrogated by the Supreme Court's subsequent rulings in Castleman and Voisin. The government acknowledges Rico Mejia, and Rico Mejia says what it says, and it says that Castleman is limited to the domestic violence context. The problem with that is that that conflicts with two earlier cases, Howe and Mendez-Enriquez. Howe and Mendez-Enriquez do not confine Castleman and Voisin, which is an application of Castleman, to the domestic violence context. They apply to the guidelines crime of violence context, and they're correct in doing so and in joining every other circuit to consider the issue. Because in Castleman, if you look at the opinion, there are two main parts. Part 2A talks about the degree of force, and that's where the court says mere offensive touching qualifies as a use of force in the domestic violence context because of the differences between ACCA and the violent felony context and the domestic violence context. So are you saying we have to write an opinion that says that Rico Mejia doesn't follow the rule of orderliness for you to win? Yes. Yes, I do. So that's a pretty bold thing to argue, isn't it? I acknowledge that, Your Honor. But our argument is that the rulings in Howe and Mendez-Enriquez could not follow if Castleman and Voisin were limited to the domestic violence context. The cases, respectfully, they conflict with one another. If the court holds that there is no conflict, again, the government acknowledged it loses on the 16A argument, and we simply preserve the issue for further review. And note that this court seems to stand alone in terms of limiting Castleman to the domestic violence context. As the court is aware, the 1st, the 2nd, the 4th, the 6th, the 7th, the 8th, the 9th, the 11th, and the D.C. circuits, they all go the other way. That is why we are, this is an important argument, and that's why we're pressing it here. Again, the court need only reach it if 16B is ruled to be unconstitutional. Are you trying to get en banc on this, and that's why you want us to reach it? So we are not necessarily seeking en banc consideration in this case, but as the court knows, is presumably aware of, the Solicitor General has authorized affirmative government appeals in other cases that raise this issue. I can't speak for the Office of the Solicitor General in terms of when they would authorize an en banc petition and whether this case would be the right vehicle, but this is not an argument that is coming just from the United States Attorney's Office from the Southern District of Texas. This is an argument that has been approved. Otherwise, we could not, otherwise those affirmative government appeals would not be authorized. I see that my time has expired. If the court has no further questions, we ask that you affirm the judgment of the district court. Thank you. So I just want to address a few things. So just to start off, to the extent the court is still concerned about the preservation issue, would point the court to page 63 of the Record on Appeal, where we acknowledge or we note that part of our argument is that it's not an aggravated felony. And then at pages 70 to 71, the court kind of pulls everyone back and says, hey, you know, aren't we talking about two different things? Plus 16, crime of violence and aggravated felony, and has a back and forth with our attorney where we say, yes, they're different things, but we say it's not either. And specifically on page 71, conclude by saying we're of the opinion, this should be a plus four, that it's neither a crime of violence nor an aggravated assault. So I think that was very clear to the court. And I think if you read the transcript, you can see that the court does understand the distinct arguments and does understand our position that it is a plus four and is not an aggravated felony for the plus eight. On harmlessness, I do want to note, before I forget, that we did also ask the court to correct the judgment to remove the reference to 1326-2 because of the immigration consequences and collateral consequences that result from a determination that an illegal reentry defendant had a prior aggravated felony. Could I ask about that? Do you want us to correct the judgment? Or we've had other public defenders say we can't, we shouldn't do it even though we can because if we just correct it, it doesn't get into the, and they need it for the district court to do it because that's the real judgment. And otherwise, the immigration people don't recognize it and it's hard to carry the Fifth Circuit opinion around with them. Is that the situation? That is the situation, as I understand it, is that when this court simply modifies a judgment, it doesn't actually get into the judgment. You then have to look at the docket to see and read the Fifth Circuit opinion to see that it was modified. So in cases with immigration consequences, our modifying is not a good approach for that situation? Certainly that is our position. A practical matter. Yes, practically that it needs to actually make it into the judgment so that the final judgment in the case reflects the proper count of conviction. And further on harmlessness, I believe the case that Judge Elrod may have been discussing was Martinez-Romero, which does indicate that the court needs to actually explicitly consider what the correct lower range would be and that if there's no evidence that the court did that, it becomes harder for the government to convince this court that the district court would impose the same sentence. I don't think it's a, I don't think there are rigid kind of formal lines. I do think it is, the analysis is based on the record in front of the court that the government does have to persuade the court that the district court would impose the same sentence for the same reasons. And I do think words are not enough. And in addition, there needs to be some indication in the record that the selection of the sentence was independent of the incorrect range in addition to the district court saying that it would impose the same sentence anyway. Point the court towards Martinez-Romero, where the district court said three times it would impose the same sentence regardless of any error. This court found an error that was not harmless, and on resentencing, the sentence was reduced from 46 months to 26 months. Similarly, in Tanksley, the district court said it would impose the same sentence regardless of any error. This court found an error that was not harmless, and on remand, the sentence was reduced from 100 months to 70 months. So those cases, I think, are powerful indicators of why the words alone really aren't enough and that there also needs to be some indication in the record that the selection of the sentence was not influenced by the incorrect higher range. Do you think Rico Mejia violates the rule of orderliness? I do not. I believe that's fairly extensively briefed in my reply brief. But just in short, Howell and Mendez Enriquez are about recklessness and whether a reckless use of force qualifies as the, quote, use of force for purposes of the crime of violence analysis. Rico Mejia and Villegas Hernandez are about a different issue. They're about whether the causation of bodily injury is equivalent to a use of force. So those really are two separate lines of argument. And what Mendez Enriquez and Howell do is say, yes, recklessness is included. You will note I have not made a recklessness argument in this appeal. I acknowledge those cases are the law. But they do not overrule the line of cases that the causation of injury is not equivalent to the use of force. And I believe, unless the court has it, oh, I do want to address Shepard. I think Shepard is a very different case. In that case, the court, the district court said that it intended to moot the defendant's objection. And that was what this court, and then, in fact, give the defendant what the defendant was asking for by its selection of the sentence. I think here, the record is just not that clear. There's no indication that the court actually thought she was giving us what we asked for. By departing drastically upwards to the plus 16 range. So with that, I would ask the court to vacate the sentence and remand for resentencing. And if not that, at least correct the judgment. Thank you very much. This case is submitted. And before you leave, I want to make sure that both the Assistant Federal Public Defender and the Assistant US Attorney are commended for their thorough knowledge of the case law and the complicated regime in which these decisions are made. These were exceptional arguments.